UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| RICKY D. PATTON, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 18-2034-JDT-cgc |
| | ) | |
| OFFICER PORTER, ET AL., | ) | |
| | ) | |
|     Defendants. | ) | |

ORDER PARTIALLY DISMISSING COMPLAINT AND DIRECTING THAT
PROCESS BE ISSUED AND SERVED ON DEFENDANT PORTER

On January 10, 2018, Plaintiff Ricky D. Patton, who is incarcerated at the Shelby County Criminal Justice Center in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court issued an order on January 19, 2019, granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) The Clerk shall record the Defendants as Officer First Name Unknown (FNU) Porter, #19515;[1] Officer FNU Elliot, #9254; and the Shelby County Criminal Justice Center.[2]

---

[1] In the case caption and the "Parties" section of his complaint, Patton lists Officer Porter's identification number as #19515. (ECF No. 1 at PageID 1-2.) In the "Statement of the Claim" section, however, he names an Officer C. Porter, #10000. (*Id.* at PageID 3.) These appear to be references to the same person, and the Court will presume the more specific identification number, #19515, is correct.

[2] Patton erroneously identifies the Shelby County Criminal Justice Center at 201 Poplar Avenue as both the Shelby County Detention Facility, (*id.* at PageID 1), and the Shelby County Correctional Facility, (*id.* at PageID 2.)

Patton alleges that on December 20, 2017, he asked to speak with someone in mental health services because he "felt stress and depressed at the time and felt I very badly needed to be alone before I harmed somebody or myself." (ECF No. 1 at PageID 2.) Patton alleges that he attempted to speak with an unnamed sergeant when he "was deprived of all my rights by Ms. Smith."[3] (*Id.*) Patton alleges that proper protocol was not followed, and he was not handcuffed or taken out of his pod to prevent him from hurting himself.[4] (*Id.* at PageID 2-3.) Instead, he alleges that Officers Porter and Elliot entered his cell "aggressive" and screamed at him, "you ain't suicidal take your bitch ass in the cell." (*Id.* at PageID 3.) Patton refused and demanded to speak "to a higher Authority," when the officers began to shove and force Patton into his cell and eventually sprayed him with "freeze plus P," a chemical agent, which blinded him. (*Id.*) Patton was then taken from his cell in handcuffs and escorted down a hallway. (*Id.*) He alleges that Officer Porter then struck him "with a close[d] fist to the back of the head and neck area" and yelled at Patton, "you hit me I'll kill you bitch." (*Id.*) Patton insists camera footage from the facility would show he was handcuffed and "no longer a threat" when sprayed the second time and hit by the officers. (*Id.*)

Patton was taken to the medical office where he asked to report the incident. (*Id.*) Patton alleges he was then taken to a cell on the fourth floor on the facility and later handcuffed and taken out of view of the cameras, where pictures were taken before he was "beaten and stomp[ed] in the back of my head with boots by the black uits [sic]."[5]

---

[3] Patton does not describe who Ms. Smith is or name her as a Defendant.

[4] Patton's full allegation about the protocol is unclear because at least one line is cut off at the top of the page rendering some words illegible. (ECF No. 1 at PageID 3.) Review of the original document Patton mailed to the Court shows it is the same.

[5] It is unclear to whom Patton is referring in this sentence. It could be that his writing again is cut off, and he seeks to refer to "black suits." Even if that were the case, Patton does not identify these persons who allegedly beat him off-camera.

Patton seeks $250,000 in damages, an investigation into the alleged beating, and termination of the employment of all involved. (*Id.* at PageID 4.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594

3

(6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Patton filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

The Shelby County Criminal Justice Center is not a suable entity. Patton's claims against the facility are properly construed as against Shelby County. The complaint, however, does not state a valid § 1983 claim against Shelby County. To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). Patton does not allege that he suffered an injury because of an unconstitutional policy or custom of Shelby County. He instead alleges violations of his rights by the individual Defendants named in his complaint.

Patton's allegations against Officers Porter and Elliot amount to a claim of excessive force. At the time of the alleged assault, Patton was a pretrial detainee whose protection against excessive force is provided by the Fourteenth Amendment. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473

4

(2015). Excessive force claims brought by pretrial detainees are analyzed under the Fourteenth Amendment's standard of objective reasonableness, which "turns on the 'facts and circumstances of each particular case.'" *Id.* (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). The Court must judge the reasonableness of a particular use of force "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.*

Under an objective reasonableness inquiry, "the question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham*, 490 U.S. at 397 (citations omitted). The proper application of this standard requires consideration of the following factors:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Kingsley*, 135 S. Ct. at 2473. This list is not exhaustive but illustrates some of the "objective circumstances potentially relevant to a determination of excessive force." *Id.*

Patton alleges that Officers Porter and Elliot entered his cell "aggressive[ly]," yelled at him, and sprayed him with freeze while attempting to detain him. The officers' alleged verbal comments are insufficient to state a violation under 42 U.S.C. § 1983. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). Moreover, Patton alleges that, at the time, he was not handcuffed and believed he posed a threat to himself or somebody else. (ECF No. 1 at PageID 2-3.) Thus the allegation that the officers' sprayed and handcuffed Patton does not sufficiently state a claim that their use of force was objectively unreasonable.

After being sprayed and handcuffed, however, Patton alleges that Officer Porter punched him in the back of the head and neck while screaming at him. The Sixth Circuit has held that

5

"striking a neutralized suspect who is secured by handcuffs is objectively unreasonable." *Schreiber v. Moe*, 596 F.3d 323, 332 (6th Cir. 2010); *see also Phelps v. Coy*, 286 F.3d 295, 301 (6th Cir. 2002) (concluding that "there was simply no governmental interest in continuing to beat [a suspect] after he had been neutralized, nor could a reasonable officer have thought there was"); *Adams v. Metiva*, 31 F.3d 375, 386 (6th Cir. 1994) (holding that use of force after suspect had been incapacitated by mace would be excessive as a matter of law); *McDowell v. Rogers*, 863 F.2d 1302, 1307 (6th Cir. 1988) (concluding that blow with nightstick to handcuffed, unresisting suspect would be gratuitous and therefore unreasonable). Taking Patton's allegations as true, he has stated a claim of excessive force against Officer Porter for striking Patton after he had been neutralized by the spray and handcuffed.

Patton further alleges that he was later taken out of view of the jail's cameras and beaten by unnamed persons that he refers to as "the black uits" or, perhaps, "the black suits." Patton does not identity these persons and therefore fails to state a claim regarding the alleged off-camera attack.

In conclusion, the Court DISMISSES Patton's claims against Officer Elliot and the Shelby County Criminal Justice Center for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)**.**

It is ORDERED that the Clerk shall issue process for Defendant Porter, #19515, and deliver that process to the U.S. Marshal for service. Service shall be made on Defendant Porter pursuant to Federal Rule of Civil Procedure 4(e) and Tennessee Rules of Civil Procedure 4.04(1) and (10) by registered or certified mail or personally if mail service is not effective. All costs of service shall by advanced by the United States.

It is further ORDERED that Patton shall serve a copy of every subsequent document he files in this cause on the attorneys for Defendant Porter. Patton shall make a certificate of service on every document filed. Patton shall familiarize himself with Federal Rules of Civil Procedure and this Court's Local Rules.[6]

Patton is reminded that he must promptly notify the Clerk of any change of address or extended absence. Failure to comply with these requirements, or any other order of the Court, may result in the dismissal of this case without further notice.

IT IS SO ORDERED.

                                          s/ **James D. Todd**
                                          JAMES D. TODD
                                          UNITED STATES DISTRICT JUDGE

---

[6] A copy of the Local Rules may be obtained from the Clerk or on the Court's website at https://www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf.